## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

CHEY DAVIS,

     Plaintiff,                                               USDC Case No. 22-12319

                                   Saginaw County Circuit Court

DELTA COLLEGE and                                          Case No. 22-47873-CZ
JEAN GOODNOW, Retired President of
Delta College, in her individual capacity,

     Defendants.

---

PINSKY, SMITH, FAYETTE &           THRUN LAW FIRM, P.C.
KENNEDY, LLP                               Roy H. Henley (P39921)
Sarah Riley Howard (P58531)         Attorneys for Defendant Delta College
Attorneys for Plaintiff                     P.O. Box 2575
146 Monroe Center, N.W., Suite 418   East Lansing, MI  48826
Grand Rapids, MI  49503             (517) 374-8864/(517) 484-0041 (Fax)
(616) 451-8496                             RHenley@ThrunLaw.com
showard@psfklaw.com

                                                    KELLER THOMA, P.C.
                                                    Gouri G. Sashital (P64628)
                                                    Attorneys for Defendant Jean Goodnow
                                                    26555 Evergreen Road, Suite 550
                                                    Southfield, MI  48076
                                                    (313) 965-7610/(313) 965-4480 (Fax)
                                                    gsr@kellerthoma.com

---

## <u>NOTICE OF REMOVAL</u>

TO:   Sarah Riley Howard
        Pinsky, Smith, Fayette & Kennedy, LLP
        146 Monroe Center, N.W., Suite 418
        Grand Rapids, MI  49503

Clerk of the Court
Saginaw County Circuit Court
111 S. Michigan Avenue
Saginaw, MI  48602

**PLEASE TAKE NOTICE** that the above-named Defendants, **DELTA COLLEGE,** by its attorneys, **THE THRUN LAW FIRM**, and **JEAN GOODNOW,** by her attorneys, **KELLER THOMA, P.C.**, file this Notice of Removal pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446, and remove the above-captioned action from the Circuit Court for the County of Saginaw, State of Michigan to the United States District Court for the Eastern District of Michigan, Northern Division, for the following reasons:

<u>**COMMENCEMENT OF ACTION IN STATE COURT**</u>

1.    On or about August 12, 2022, Plaintiff Chey Davis ("Plaintiff") filed a civil action against Defendants Delta College and Jean Goodnow ("Defendants") in the Circuit Court for the County of Saginaw, State of Michigan, entitled *Chey Davis v. Delta College and Jean Goodnow, Retired President of Delta College, in her individual capacity*, Saginaw County Circuit Court Case No. 22-47873-CZ.

2.    Plaintiff's Complaint alleges violations of the Michigan Elliott-Larsen City Rights Act ("ELCRA"), M.C.L. §37.2101, *et seq*., and 42 U.S.C. §1983 based upon alleged violations of the First Amendment to the United States Constitution.

3.    On or about September 14, 2022, Plaintiff served a summons and copy of the Complaint on Defendant Delta College. Defendant Delta College has not yet

answered Plaintiff's Complaint, and the time for answering the Complaint has not expired.

4.      On or about September 14, 2022, Plaintiff served a summons and copy of the Complaint on Defendant Jean Goodnow. Defendant Goodnow has not yet answered Plaintiff's Complaint, and the time for answering the Complaint has not expired.

5.      No further proceedings have occurred in the Saginaw County Circuit Court action.

## JURISDICTIONAL AND PROCEDURAL REQUIREMENTS FOR REMOVAL

6.      Pursuant to 29 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty (30) days after service of Plaintiff's Complaint on Defendants.

7.      Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings and orders served upon Defendants are attached hereto. (Ex.1, Complaint and Summons and Acknowledgment).

8.      Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter, since Plaintiff's Complaint involves claims arising under 42 U.S.C. §1983 and the First Amendment to the United States Constitution.

9.      Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's ELCRA claim brought under Michigan law because her ELCRA

claim is so related to her claims arising under 42 U.S.C. §1983 that they constitute the same case or controversy under Article III of the United States Constitution.

10.     Pursuant to 28 U.S.C. §1441(a), the alleged events giving rise to Plaintiff's claims occurred in Saginaw County, Michigan, in the federal judicial district for the Eastern District of Michigan, Northern Division.

11.     Pursuant to 28 U.S.C. §1446(b), the time to remove this action has not yet expired.

12.     Pursuant to 28 U.S.C. §1446(b)(2)(A), all Defendants have joined in and consented to file this Notice of Removal.

13.     Pursuant to 28 U.S.C. §1446(d), Defendant served this Notice of Removal on all adverse parties and the Saginaw County Circuit Court.

WHEREFORE, Defendants, DELTA COLLEGE and JEAN GOODNOW, respectfully request that this action now pending in the Circuit Court for the County of Saginaw, State of Michigan, be removed to this Court.

Respectfully submitted,

**KELLER THOMA, P.C.**

By:   /s/ Gouri G. Sashital
      Gouri G. Sashital (P64628)
Attorneys For Defendant Jean Goodnow
26555 Evergreen Road, Suite 550
Southfield, MI  48076
313.965.8936
gsr@kellerthoma.com

4

**THE THRUN LAW FIRM**

By:  /s/ Roy H. Henley (*w/consent*)
Roy H. Henley (P39921)
Attorneys for Defendant Delta College
P.O. Box 2575
East Lansing, MI  48826
(517) 374-8864
RHenley@ThrunLaw.com


Dated:  September 30, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2022, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court of the United States District Court using the ECF system, and served a copy via U.S. Mail and electronic mail to the following parties:

> Sarah Riley Howard
> Pinsky, Smith, Fayette & Kennedy, LLP
> 146 Monroe Center, N.W., Suite 418
> Grand Rapids, MI  49503
> showard@psfklaw.com
>
> Roy H. Henley
> Thrun Law Firm
> P.O. Box 2575
> East Lansing, MI  48826
> RHenley@ThrunLaw.com

And via email filing to:

> Clerk of the Court
> Saginaw County Circuit Court
> circuitcourtrecordsfiling@saginawcounty.com

/s/ Gouri G. Sashital
Gouri G. Sashital (P64628)

5

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>10th    **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | **CASE NO.**<br>22- *47073* -CZ |
|---|---|---|

| Court address | Court telephone no. |
|---|---|
| 111 South Michigan Avenue, Saginaw, MI 48602 | 989-790-5470 |

| Plaintiff's name(s), address(es), and telephone no(s).<br><br>CHEY DAVIS | v | Defendant's name(s), address(es), and telephone no(s).<br><br>DELTA COLLEGE and<br>JEAN GOODNOW |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Sarah Riley Howard  (P58531)
Pinsky, Smith, Fayette & Kennedy, LLP
146 Monroe Center St., NW - Suite 418
Grand Rapids, MI 49503
616-451-8496

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>*8-12-22* | Expiration date<br>*11-11-22* | Court clerk<br>*Vanessa Guerra* |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01    (9/19)  **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS | |
|---|---|
| Case No. | 22- |

### PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____ on behalf of _____
Day, date, time

_____
Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

CHEY DAVIS,

        Plaintiff,

v.

DELTA COLLEGE,

and

JEAN GOODNOW,
Retired President of Delta College,
in her individual capacity,

        Defendants.

CASE NO. 22-*47873*-CZ

Hon.   MANVEL TRICE III
         P63072

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this court, nor has any such action been previously filed and dismissed after having been assigned to a judge.

### COMPLAINT

Plaintiff Chey Davis, by and through her attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, states as follows:

### JURISDICTION, VENUE, AND PARTIES

1.    This is an action requesting the Court to remedy violations of the

1

Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 *et seq.*, and of the First Amendment to the U.S. Constitution.

2.      Jurisdiction and venue are proper in this Court.

3.      Plaintiff Chey Davis is a Black female resident of Saginaw County.

4.      Defendant Delta College ("The College" or "Delta") is a public college with operations in Saginaw County.

5.      Defendant Jean Goodnow is the former President of Delta.

6.      The acts that are the subject of this action occurred in Saginaw and Bay Counties.

7.      The amount in controversy exceeds $25,000, exclusive of costs and attorney fees.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a former English professor at Delta College, where she taught for 15 years until 2022.

9.      Plaintiff was also known on Delta's campus as a lesbian member of the LGBTQ+ community.

10.     It was known on Delta's campus that then-Delta President, Defendant Goodnow, harbored hostility toward homosexuals, and toward Plaintiff in particular.

11.     Plaintiff had a long history of scholarship as well as leadership on issues of racial diversity, equity, and economic justice on campus. Plaintiff's leadership included participation in organizing faculty with the Michigan Education

2

Association ("MEA") and participating in well-founded grievances as part of the collective bargaining process. Defendant Goodnow unlawfully targeted Plaintiff's prospects for advancement and security at Delta after Plaintiff's work drew Defendant Goodnow's disfavor.

12.     In 2019, Plaintiff was eligible for consideration to promotion to full professor, which was recommended by her Department. Under Delta's policies, the promotion had to be approved by Defendant Goodnow.

13.     Defendant Goodnow denied Prof. Davis' promotion to full professor in August 2019.

14.     Plaintiff's Union filed a grievance of Defendant Goodnow's denial of Plaintiff's promotion on her behalf, arguing that Goodnow's decision applied the wrong standard and policies, violated applicable policies, and was fundamentally unfair.

15.     Defendant Goodnow's denial of Plaintiff's promotion was dissimilar in several respects to other similarly-situated candidates to whom Delta granted promotion who were not Black and not of homosexual orientation.

16.     On November 9, 2019, the Grievance Committee found errors in Defendant Goodnow's decision denying Plaintiff the promotion. Accordingly, the Grievance Committee found that reexamination of Defendant Goodnow's decision denying promotion was warranted and required.

17.    However, after Defendant Goodnow's alleged reexamination, she communicated a final denial of Plaintiff's promotion to full professor in a memo dated December 9, 2019.

18.    Defendant Goodnow's denial memo contained multiple falsehoods about the facts. Moreover, Goodnow's denial of Plaintiff's promotion also came after the deadline for eligible professors, including Plaintiff, to elect an early retirement and receive a substantial financial benefit package. Plaintiff relied to her detriment on the possibility that Defendants would treat her fairly upon re-examination of the promotion decision, and therefore elected not to select the early retirement option by the applicable deadline, thereby losing a significant financial benefit.

19.    Plaintiff then filed a charge of discrimination with the Michigan Department of Civil Rights ("MDCR"). MDCR spent more than two and a half years investigating the matter, conducting multiple interviews of several parties.

20.    Defendants' failure to lawfully promote Plaintiff, and other aspects of the Delta environment, made it clear to Plaintiff that Defendants would continue to unlawfully deny Plaintiff further promotion. Those other aspects of employment included false accusations regarding work infractions throughout Plaintiff's career, which she was forced to defend. Although Plaintiff was always cleared of Defendants' false allegations, Plaintiff also reasonably felt she was at constant risk of further adverse employment action and damage to her professional reputation since Defendant Goodnow was able to effectively act with impunity.

4

21.    As a result, Plaintiff made several reasonable decisions about how to mitigate the career damage that Delta had caused and was continuing to cause. Plaintiff determined that it was not a realistic path for her to pursue collegiate teaching elsewhere, since she spent a significant portion of her life and career establishing herself in the greater Saginaw area. Realistically, Plaintiff's career at Delta would not have enabled her to obtain a similar, tenure-track English teaching position at any other community college, particularly after Delta wrongfully denied her promotion.

22.    At this point, in or about December 2019, Defendants constructively terminated Plaintiff as a matter of law, although Plaintiff needed to continue employment to support herself until she could obtain replacement income.

23.    Accordingly, Plaintiff discontinued participation in some campus committees whose professional value only exists at Delta, and she devoted her personal time instead to training for a replacement career in professional counseling.

24.    Plaintiff enrolled in a Master's degree program to prepare to mitigate her damages by obtaining a Counselor license. Plaintiff made a significant financial investment to pivot her career in this manner.

25.    Plaintiff completed her Master's degree in Counseling Psychology in May 2022, and then obtained the necessary licensure to open a counseling practice.

26.    In the meantime, Goodnow left Delta in August 2021. Michael Gavin succeeded her as Delta's President.

27.     In or about February 2022, Delta retroactively promoted Professor Davis to full professor.

28.     However, by then, Plaintiff had significantly invested in mitigating her damages and pivoting to a new career, as she was a few months away from completing her counseling degree. Moreover, there had not been a change to what Plaintiff reasonably feared was an environment at Delta in which she would be unsafe and subject to continued discrimination and harassment.

29.     In or around June 2022, Plaintiff discontinued teaching at Delta and is now working full-time at a counseling and talk therapy practice.

## COUNT I –Violation of the Elliott-Larsen Civil Rights Act – Race Discrimination

30.     Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

31.     Defendants violated the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*, when they discriminated against and harassed Plaintiff on account of her race, including but not limited to denial of Plaintiff's promotion.

32.     Similarly-situated faculty who are not people of color, and who are direct comparators to Plaintiff, received promotion in the same timeframe that Defendant Goodnow orchestrated denial of Plaintiff's promotion.

33.     Defendants treated Plaintiff differently than it did similarly-situated employees of other races in the terms and conditions of her employment, including her consideration for promotion to full professor.

6

34.    Plaintiff has suffered irreparable harm, in that she has been unlawfully constructively terminated as aforesaid, and suffered significant financial losses as a result. She will continue to suffer such harm unless the relief requested herein is granted.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A.    Award Plaintiff economic damages in an amount designed to make her whole, and replace that which was denied or lost to her by reason of violations of ELCRA by Defendants, and/or compensate her for the costs incurred by Plaintiff when she took steps to mitigate the damage to her career, plus interest;

B.    Award Plaintiff compensatory damages for mental anguish and emotional distress;

C.    Award Plaintiff exemplary damages;

D.    Award Plaintiff costs and reasonable attorney fees;

E.    Award Plaintiff such other relief as may be just and equitable.

## COUNT II – Violation of the Elliott-Larsen Civil Rights Act – Sex Discrimination

35.    Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

36.    Defendants violated ELCRA, MCL 37.2101, *et seq.*, when they discriminated against and harassed Plaintiff on the basis that she is female and/or because Plaintiff is a lesbian.

7

37. Defendants treated Plaintiff differently than it did similarly-situated male employees and employees of differing sexual orientation in the terms and conditions of her employment, including her consideration for promotion to full professor.

38. Plaintiff has suffered irreparable harm, in that she has been unlawfully constructively terminated as aforesaid, and suffered significant financial losses as a result. She will continue to suffer such harm unless the relief requested herein is granted.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Award Plaintiff economic damages in an amount designed to make her whole, and replace that which was denied or lost to her by reason of violations of ELCRA by Defendants, and/or compensate her for the costs incurred by Plaintiff when she took steps to mitigate the damage to her career, plus interest;

B. Award Plaintiff compensatory damages for mental anguish and emotional distress;

C. Award Plaintiff exemplary damages;

D. Award Plaintiff costs and reasonable attorney fees;

E. Award Plaintiff such other relief as may be just and equitable.

8

## COUNT III – Violation of the First Amendment to the U.S. Constitution, per 42 USC 1983

39.     Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

40.     Plaintiff made multiple public statements on campus, at faculty meetings, and to Defendant Goodnow, in support of unionization of the teaching faculty and advocating for academic freedom and an inclusive campus environment.

41.     Once Delta's teaching faculty organized with MEA, Plaintiff participated in multiple well-founded grievances under the collective bargaining agreement which criticized acts of Defendant Goodnow and/or acts taken at her direction.

42.     Defendants violated Plaintiff's First Amendment rights when they discriminated against and harassed Plaintiff because of Plaintiff's speech as described aforesaid.

43.     Plaintiff has suffered irreparable harm, in that she has been unlawfully constructively terminated as aforesaid, and suffered significant financial losses as a result. She will continue to suffer such harm unless the relief requested herein is granted.

### RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A.     Award Plaintiff economic damages in an amount designed to make her whole, and replace that which was denied or lost to her by reason of

9

violations of ELCRA by Defendants, and/or compensate her for the costs incurred by Plaintiff when she took steps to mitigate the damage to her career, plus interest;

B.      Award Plaintiff compensatory damages for mental anguish and emotional distress;

C.      Award Plaintiff exemplary damages;

D.      Award Plaintiff costs and reasonable attorney fees;

E.      Award Plaintiff such other relief as may be just and equitable.

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

Dated: August 12, 2022          By: _____
                                Sarah Riley Howard (P58531)
                                Crystal J. Bultje (P80276)
                                146 Monroe Center, N.W., Suite 418
                                Grand Rapids, MI 49503
                                (616) 451-8496
                                showard@psfklaw.com

10

## JURY DEMAND

To the extent that jury trial is available as to any of the issues set forth

above, Plaintiff hereby demands same.

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

*Sarah R. Howard*

Dated: August 12, 2022          By:_____

Sarah Riley Howard (P58531)
Crystal J. Bultje (P80276)
146 Monroe Center St NW, Suite 418
Grand Rapids, MI 49503
(616) 451-8496
showard@psfklaw.com

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| STATE OF MICHIGAN | SUMMONS | CASE NO. |
|---|---|---|
| 10th    JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | 22- *47073* -CZ |

**Court address**
111 South Michigan Avenue, Saginaw, MI 48602

**Court telephone no.**
989-790-5470

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| CHEY DAVIS | v | DELTA COLLEGE and<br>JEAN GOODNOW |

Plaintiff's attorney, bar no., address, and telephone no.
Sarah Riley Howard  (P58531)
Pinsky, Smith, Fayette & Kennedy, LLP
146 Monroe Center St., NW - Suite 418
Grand Rapids, MI 49503
616-451-8496

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>*9-12-22* | Expiration date*<br>*11-11-22* | Court clerk |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)  **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| PROOF OF SERVICE | SUMMONS |
|---|---|
| | Case No.    22- |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on  9 - 14 - 22  @  12:45 pm
Day, date, time

_Houri G Sashital_ _____ on behalf of _Jean Goodnow_
Signature

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>10th    JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>22- 47073 -CZ |
|---|---|---|

**Court address**
111 South Michigan Avenue, Saginaw, MI 48602

**Court telephone no.**
989-790-5470

| Plaintiff's name(s), address(es), and telephone no(s).<br><br>CHEY DAVIS | v | Defendant's name(s), address(es), and telephone no(s).<br><br>DELTA COLLEGE and<br>JEAN GOODNOW |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Sarah Riley Howard (P58531)
Pinsky, Smith, Fayette & Kennedy, LLP
146 Monroe Center St., NW - Suite 418
Grand Rapids, MI 49503
616-451-8496

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.    | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>8-12-22 | Expiration date*<br>11-11-22 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS | |
|---|---|
| Case No. | 22- |

### PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____  Signature: _____
                         Date                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

on _09/14/22 at 2:37 pm_
   Day, date, time

_Roy Glenby (P39921)_ on behalf of _Delta College_
Signature

EXHIBIT 1